**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| PAMELA J. BOOKER and | : | CASE NO. 24-52404-PWB |
| ORONDE BOOKER | : | |
| Debtor(s). | : | |
| _____ | : | |
| PAMELA J. BOOKER and | : | |
| ORONDE BOOKER | : | ADVERSARY PROCEEDING |
| Plaintiff(s) | : | CASE NO. 24-05077-PWB |
| v. | : | |
| | : | |
| DAVID LEROY MILLS, JR., | : | |
| Defendant. | : | |
| _____ | : | |

<u>ANSWER, DEFENSES AND COUNTERCLAIMS</u>

COMES NOW, DAVID LEROY MILLS, JR., Defendant in the above-styled matter, by and through his counsel and responds to the Complaint as follows:

<u>JURISDICTION AND VENUE</u>

1. Defendant admits the allegations contained in paragraph ONE of the Complaint.

2. Defendant admits the allegations contained in paragraph TWO of the Complaint.

3. Defendant admits the allegations contained in paragraph THREE of the Complaint.

4. The Defendant consents to entry of a final order or judgment by this Court with respect to this Complaint if it is determined that this Court, absent consent of the parties,

cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

5.  Defendant denies the allegations contained in paragraph FIVE of the Complaint but consents to the jurisdiction of this Court.

6.  Defendant admits the allegations contained in paragraph SIX of the Complaint.

## FACTUAL BACKGROUND

7.  Defendant admits that the action arises from a partnership dispute between the parties. All other allegations contained in paragraph SEVEN of the Compliant are denied.

## KOILS BY NATURE, LLC

8.  Defendant admits the allegations contained in paragraph EIGHT of the Complaint.

9.  Defendant admits the allegations contained in paragraph NINE of the Complaint.

10. Defendant denies the allegations contained in paragraph TEN of the Complaint.

11. Defendant denies the allegations contained in paragraph ELEVEN of the Complaint.

12. Defendant denies the allegations contained in paragraph TWELVE of the Complaint.

## THE LAWSUIT

13. Defendant admits the allegations contained in paragraph THIRTEEN of the Complaint.

14. Defendant admits the allegations contained in paragraph FOURTEEN of the Complaint.

15. Defendant denies the allegations contained in paragraph FIFTEEN of the Complaint.

16. Defendant admits the allegations contained in paragraph SIXTEEN of the Complaint.

17. Defendant admits the allegations contained in paragraph SEVENTEEN of the Complaint.

18. Defendant admits the allegations contained in paragraph EIGHTEEN of the Complaint.

<u>THE APPOINTMENT OF A SPECIAL MASTER TO DETERMINE DAMAGES</u>

19. Defendant admits that a Special Master was appointed but denies the remaining allegations contained in paragraph NINETEEN of the Complaint.

20. There are no allegations contained in paragraph TWENTY of the Complaint. However, to the extent there are allegations implied in paragraph TWENTY of the Complaint, Defendant denies those allegations.

21. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph TWENTY-ONE of the Complaint. Therefore, the allegations contained therein are denied.

22. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph TWENTY-TWO of the Complaint. Therefore, the allegations contained therein are denied.

23. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph TWENTY-THREE of the Complaint. Therefore, the allegations contained therein are denied.

24. Defendant denies the allegations contained in paragraph TWENTY-FOUR of the Complaint.

25. Defendant admits the allegations contained in paragraph TWENTY-FIVE of the Complaint.

26. Defendant denies the allegations contained in paragraph TWENTY-SIX of the Complaint.

27. Defendant admits the allegations contained in paragraph TWENTY-SEVEN of the Complaint.

<u>THE BANKRUPTY CASES</u>

28. Defendant admits the allegations contained in paragraph TWENTY-EIGHT of the Complaint.

29. Defendant admits that a stay was imposed upon the filing of the Bankruptcy Code, but denies all remaining allegations contained in paragraph TWENTY-NINE of the Complaint.

30. Defendant admits the allegations contained in paragraph THIRTY of the Complaint.

31. Defendant admits the allegations contained in paragraph THIRTY-ONE of the Complaint.

32. Defendant denies the allegations contained in paragraph THIRTY-TWO of the Complaint.

33. Defendant denies the allegations contained in paragraph THIRTY-THREE of the Complaint.

34. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph THIRTY-FOUR of the Complaint. Therefore, the allegations contained therein are denied.

35. Defendant admits the allegations contained in paragraph THIRTY-FIVE of the Complaint.

36. Defendant admits that a stay was imposed upon the filing of the Bankruptcy Code, but denies all remaining allegations contained in paragraph THIRTY-SIX of the Complaint.

37. Defendant admits the allegations contained in paragraph THIRTY-SEVEN of the Complaint.

38. Defendant denies the allegations contained in paragraph THIRTY-EIGHT of the Complaint.

39. Defendant denies the allegations contained in paragraph THIRTY-NINE of the Complaint.

40. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph FORTY of the Complaint. Therefore, the allegations contained therein are denied.

41. Defendant denies the allegations contained in paragraph FORTY-ONE of the Complaint.

42. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph FORTY-TWO of the Complaint. Therefore, the allegations contained therein are denied.

<u>THE CONTEMPT ORDER</u>

43. Defendant admits the allegations contained in paragraph FORTY-THREE of the Complaint.

44. The document speaks for itself.  To the extent the statements in this paragraph attempt to characterize the language that is quoted, the allegations contained in paragraph FORTY-FOUR of the Complaint are denied.

45. The document speaks for itself.  To the extent the statements in this paragraph attempt to characterize the language that is quoted, the allegations contained in paragraph FORTY-FIVE of the Complaint are denied.

46. The document speaks for itself.  To the extent the statements in this paragraph attempt to characterize the language that is quoted, the allegations contained in paragraph FORTY-SIX of the Complaint are denied.

47. The document speaks for itself.  To the extent the statements in this paragraph attempt to characterize the language that is quoted, the allegations contained in paragraph FORTY-SEVEN of the Complaint are denied.

48. The document speaks for itself.  To the extent the statements in this paragraph attempt to characterize the thought process or options available to the Court, the allegations contained in paragraph FORTY-EIGHT of the Complaint are denied.

49. Defendant admits the allegations contained in paragraph FORTY-NINE of the Complaint.

50. Defendant admits the allegations contained in paragraph FIFTY of the Complaint.

51. The Debtors' schedules speak for themselves.  To the extent the statements in this paragraph attempt to characterize the thought process or options available to the Court, the allegations contained in paragraph FIFTY-ONE of the Complaint are denied.

52. The document speaks for itself.  To the extent the statements in this paragraph attempt to characterize the language that is quoted, the allegations contained in paragraph FIFTY-TWO of the Complaint are denied.

COUNT I:  WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. §362(k)

53. Defendant hereby realleges and incorporates all preceding paragraphs as if fully set forth herein.

54. Defendant denies the allegations contained in paragraph FIFTY-FOUR of the Complaint.

55. Defendant denies the allegations contained in paragraph FIFTY-FIVE of the Complaint.

56. Defendant admits that he did not seek relief from the automatic stay.   All other allegations contained in paragraph FIFTY-SIX of the Complaint are denied.

57. Defendant denies the allegations contained in paragraph FIFTY-SEVEN of the Complaint.

58. Defendant denies the allegations contained in paragraph FIFTY-EIGHT of the Complaint.

COUNT II:  DECLARATORY JUDGMENT
INVALIDATING THE CONTEMPT ORDER

59. Defendant hereby realleges and incorporates all preceding paragraphs as if fully set forth herein.

60. Defendant denies the allegations contained in paragraph SIXTY of the Complaint.

61. Defendant admits the allegations contained in paragraph SIXTY-ONE of the Complaint.

62. Defendant admits the allegations contained in paragraph SIXTY-TWO of the Complaint.

63. Defendant admits the allegations contained in paragraph SIXTY-THREE of the Complaint.

64. Defendant admits the allegations contained in paragraph SIXTY-FOUR of the Complaint.

65. Defendant denies the allegations contained in paragraph SIXTY-FIVE of the Complaint.

66. Defendant denies knowledge or information sufficient as to form a belief regarding the allegations contained in paragraph SIXTY-SIX of the Complaint. Therefore, the allegations contained therein are denied.

67. Defendant denies the allegations contained in paragraph SIXTY-SEVEN of the Complaint.

68. There are no allegations contained in paragraph SIXTY-EIGHT of the Complaint. However, to the extent there are allegations implied in paragraph SIXTY-EIGHT of the Complaint, Defendant denies those allegations.

## DEFENSES

69. Defendant did not personally appear at the State Court hearing.

70. Defendant's actions were not willful.

71. Defendant did not willfully violate the automatic stay.

72. Defendant's counsel appeared at the direction of the State Court Judge.

73. The State Court made an independent finding that the proceedings could proceed despite having been made aware of the bankruptcy filing and the automatic stay.

## COUNTERCLAIM(S)

COMES NOW, DAVID LEROY MILLS, JR. ("Mills"), Defendant in the above-styled matter, by and through his counsel and asserts his counterclaims against the Plaintiffs as follows:

## JURISDICTION AND VENUE

74. Plaintiffs, Pamela J. Booker and Oronde Booker (the "Bookers"), are subject to the jurisdiction and venue of the Court by virtue of having filed their bankruptcy case and adversary proceeding case in this Court.

75. The facts alleged in this Counterclaim involve matters concerning the administration of the estate and determining the dischargeability of certain debts, establishing jurisdiction pursuant to 28 U.S.C. §157(b)(1) as a core proceeding defined under 28 U.S.C. §157(b)(2)(A), (I) and (J).

76. The facts alleged in this Counterclaim indicate that the issues arose under a bankruptcy case or are related to a bankruptcy case, thus establishing jurisdiction pursuant to 28 U.S.C. §157(a) and §1334(b).

<div align="center">BACKGROUND</div>

77. Koils by Nature, LLC operated a beauty supply business, primarily online and in select retail shops across the country, aimed at the ethnic black beauty product consumer.

78. Mills is an equity owner of Koils by Nature, LLC ("KBN") pursuant to the Koils by Nature LLC Operating Agreement.

79. KBN was formed on February 6, 2015 and was governed by an Operating Agreement, which was subsequently modified.

80. Pursuant to the KBN Operating Agreement, Plaintiff, Pamela J. Booker, was designated "President" and "Equity Owner," and Plaintiff, Oronde Booker, was designated an "Equity Owner".

81. The Bookers repeatedly failed and refused to perform the full and timely obligations and duties imposed upon them by the Operating Agreement as to all the covenants, terms, conditions and agreements therein provided to be performed and observed pursuant to the Agreement.

82. Mills provided the Bookers with numerous formal and informal notices raising concerns over the co-mingling of funds in personal bank accounts, the denial of information regarding Mills's investments in KBN, the denial of Mills's requests to review the bookkeeping records, bank accounts, and other business documents of KBN related to the duties set forth in the Operating Agreement, and provided the Bookers with numerous formal and informal opportunities to cure these concerns as alleged by Mills.

83. Specifically, Mills demanded financial statements applicable to the operations of KBN, including the company's accounting records, bookkeeping records, bank accounts, online receipts, shipping records, distributor agreements, communications in writing or electronically, zip files and back-up discs, and payments for this business.

84. The requested financial statements, accounting records and other documents are required pursuant to the Operating Agreement in order to properly calculate profits and losses, and to properly determine cash distributions payable to the Equity Owners, including Mills.

85. Upon information and belief, the Bookers, intentionally underreported the gross receipts and profits of KBN.

86. Upon information and belief, the Bookers intentionally underreported the gross receipts and profits of KBN for Federal, State, and/or local tax reporting purposes.

87. Upon information and belief, the Bookers engaged in a pattern and practice of converting funds belonging to KBN for their personal use, co-mingling KBN funds with personal funds in their own personal bank accounts, in an ongoing practice of financial fraud directed against the Mills.

88. On February 5, 2021, Mills filed a lawsuit in in the Superior Court of Dekalb County, State of Georgia *(Davis Mills v. Pamela J. Booker, Oronde Booker, and Koils by Nature,* LLC) assigned Civil Action No. 21CV1732 (the "State Court Case").

89. The Bookers failed to file an answer in the State Court Case and on July 7, 2022 a default judgment was entered as to liability.

90. On January 6, 2023, the DeKalb Court appointed a receiver to protect KBN from mismanagement under the Bookers.

91. On February 28, 2023, the DeKalb Court entered an Order appointing a Special Master.

92. On April 28, 2023, the Special Master entered an Order of Special Master requiring KBN to provide monthly written reports to the Special Master which required KBN to report its profits, losses, sales, orders, loans, expenses, and other financial information.

93. The Bookers refused to provide the court ordered reports and financial information.

94. On October 26, 2023, the DeKalb Court entered an Order scheduling a Compliance Hearing for November 6, 2023.

95. On February 14, 2024, the DeKalb Court entered a Notice on an Order to Show Cause to be heard on February 22, 2024.

96. On February 22, 2024, the DeKalb Court entered a Notice of Hearing for March 18, 2024.

97. On March 18, 2024, with full knowledge of the automatic stay, the Dekalb Court heard the "hearing to determine whether [the Bookers and KBN] should be held in contempt for their repeated failures to comply with the Special Master's April 27, 2023 Order (the "Order") requiring production of certain documents and information regarding their finances."

98. The matter came before the Dekalb Court upon referral by the Special Master (See attached Exhibit A (Contempt Order)).

99. Mills was not personally in attendance at the hearing.

100. On March 18, 2024, the State Court found the Bookers in criminal contempt of its order by failing to produce:

   a. Monthly reports containing information or documents detailing any and all payments or distributions made to Pamela or Oronde Booker from May 2023 through February 2024;

   b. Monthly reports containing information or documents detailing any and all payments made on behalf of Pamela or Oronde Booker to any third parties from May 2023 through February 2024;

   c. Complete statements from all financial institutions for Pamela Booker for years 2021, 2022, and 2023;

   d. Verified financial statements for [Pamela Booker, Oronde Booker and KBN] detailing assets and liabilities as of April 30, 2023 and copies of all related documents including any appraisals, deeds, mortgages, and/or loan documents; and

e.  Statements and correspondence with credit card companies for [Pamela Booker, Oronde Booker and KBN] from 2019 to April 2023.

<u>COUNTERCLAIM I:  CLAIM TO DETERMINE DISCHARGEABILITY</u>
<u>PURSUANT TO 11 USC 523(a)(2)(A)</u>

101.  Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

102.  The Bookers materially misrepresented their intention to provide financial reporting as required by the terms and conditions of the KBN Operating Agreements to Mills.

103.  The Bookers' material misrepresentations fraudulently induced Mills to invest funds into KBN.

104.  The Bookers obtained money from KBN, an entity partially owned by Mills, through false pretense, false representation or omission, and/or actual fraud by co-mingling KBN funds in their personal bank accounts, falsifying bookkeeping and accounting records of KBN, falsifying tax records and intentionally withholding bank accounts and other business documents of KBN from Mills.

105.  The Bookers' actions denied Mills his proper share of the profits of KBN and caused the company to fail, further denying Mills a return on his investment.

106.  The Bookers' actions were made with knowledge of their falsity.

107.  The Bookers' actions were intended to deceive Mills.

108.  Mills reasonably relied on the false statements and records provided by the Bookers.

109.  As a foreseeable, direct and proximate result of the Bookers' false pretenses, false representations or omissions, and actual fraud, Mills sustained a loss, from which the Bookers personally benefited.

110. The Bookers' debt to Mills is a debt for money obtained by false pretenses, false representations and actual fraud and therefore is nondischargeable under 11 U.S.C. § 523(a)(2)(A) in an amount to be determined at trial.

COUNTERCLAIM II:  CLAIM TO DETERMINE DISCHARGEABILITY
PURSUANT TO 11 USC 523(a)(2)(B)

111. Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

112. The Bookers obtained money from KBN, an entity partially owned by Mills, through false pretense, false representation or omission, and/or actual fraud by co-mingling KBN funds in their personal bank accounts, falsifying bookkeeping and accounting records of KBN, falsifying tax records and intentionally withholding bank accounts and other business documents of KBN from Mills.

113. The Bookers prepared multiple financial, accounting and tax records that were materially false.

114. The records prepared by the Bookers were regarding an insider's financial condition.

115. The Bookers' actions denied Mills his proper share of the profits of KBN and caused the company to fail, further denying Mills a return on his investment.

116. The Bookers' actions were made with knowledge of their falsity.

117. The Bookers' actions were intended to deceive Mills.

118. Mills reasonably relied on the false statements and records provided by the Bookers.

119. As a foreseeable, direct and proximate result of the Bookers' false pretenses, false representations or omissions, and actual fraud, Mills sustained a loss, from which the Bookers personally benefited.

120. The Bookers' debt to Mills is a debt for money obtained by the use of a statement in writing that is materially false, respecting an insider's financial condition, on which Mills reasonably relied and which was made with the intent to deceive and therefore is nondischargeable under 11 U.S.C. § 523(a)(2)(A) in an amount to be determined at trial.

## COUNTERCLAIM III:  CLAIM TO DETERMINE DISCHARGEABILITY

### PURSUANT TO 11 USC 523(a)(4)

121.  Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

122.  The Bookers owed Mills a fiduciary duty as officers and managers of KBN.

123.  While acting in their fiduciary capacity, the Bookers have committed misconduct with respect to their fiduciary duties owed to Mills, including, but not limited to, violations of their duty of care, their duty of loyalty, their duty of honesty, and/or by self-dealing, with respect to their management of KBN.

124.  While acting in their fiduciary capacity, the Bookers co-mingled KBN funds in their personal bank accounts, falsified bookkeeping and accounting records of KBN, falsified tax records and intentionally withheld bank accounts and other business documents of KBN from Mills.

125.  While acting in their fiduciary capacity, the Bookers misappropriated funds from KBN for their personal benefit denying Mills his proper share of the profits of KBN and caused the company to fail, further denying Mills a return on his investment.

126.  As a foreseeable, direct and proximate result of the Bookers' false pretenses, false representations or omissions, and actual fraud, Mills sustained a loss, from which the Bookers personally benefited.

127.  The Bookers' debt to Mills is a debt for money obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny and therefore is nondischargeable under 11 U.S.C. § 523(a)(4) in an amount to be determined at trial.

## COUNTERCLAIM IV:  CLAIM TO DETERMINE DISCHARGEABILITY

### PURSUANT TO 11 USC 523(a)(6)

128.  Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

129. The Bookers intentionally misappropriated funds from KBN, an entity partially owned by Mills.

130. The Bookers intentionally falsified bookkeeping and accounting records of KBN.

131. The Bookers intentionally falsified tax records.

132. The Bookers intentionally withheld bank accounts and other business documents of KBN from Mills.

133. The Bookers' actions denied Mills his proper share of the profits of KBN and caused the company to fail, further denying Mills a return on his investment.

134. The Bookers' actions were intentional.

135. The Bookers intended the outcome of their actions.

136. As a foreseeable, direct and proximate result of the Bookers' false pretenses, false representations or omissions, and actual fraud, Mills sustained a loss, from which the Bookers personally benefited.

137. The Bookers' debt to Mills is for a willful and malicious injury and therefore is nondischargeable under 11 U.S.C. § 523(a)(6) in an amount to be determined at trial.


COUNTERCLAIM V:  CLAIM TO DENY DISCHARGE PURSUANT TO 11 USC 727(a)(2)

138. Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

139. 11 U.S.C. § 727(a)(2) provides:

   a.  the court shall grant the debtor a discharge, unless

      ...

      (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the

petition; or

(B) property of the estate, after the date of the filing of the petition.


140.  Upon information and belief, the Bookers transferred, removed, destroyed, mutilated,

or concealed their property within one year before the Petition Date and/or property

of the estate after the Petition Date.

141.  The Bookers have continually refused to produce the bank statements, accounting

records, financial statements, tax returns and other financial information that would

allow anyone to determine the value of KBN or what happened to its assets.

142.  By virtue of the foregoing, the Bookers' discharge should be denied under 11 U.S.C. §

727(a)(2).


<u>COUNTERCLAIM VI:  CLAIM TO DENY DISCHARGE PURSUANT TO 11 USC 727(a)(3)</u>


143.  Mills realleges and reincorporates the allegations contained in all preceding

paragraphs of this Complaint as if fully set forth herein.

144.  11 U.S.C. § 727(a)(3) provides:
       a.  the court shall grant the debtor a discharge, unless...

       (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or
       preserve any recorded information, included books, documents, records, and
       papers, from which the debtor's financial condition or business transaction might
       be ascertained, unless such act or failure to act was justified under all of the
       circumstances of the case . . .

145.  The Bookers, in an effort to hide assets from this Court and their creditors, concealed,
       destroyed, mutilated, falsified, or failed to keep or preserve any recorded information,
       including books, documents, records, and papers, from which the Debtors' financial
       condition or business transactions might be accurately ascertained.


146.  By virtue of the foregoing, the Bookers' discharge should be denied under 11 U.S.C. §
       727(a)(3).

<u>COUNTERCLAIM VII:  CLAIM TO DENY DISCHARGE PURSUANT TO 11 USC 727(a)(4)</u>

147.  Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

148.  11 U.S.C. § 727(a)(4) provides, in relevant part, that:
   a.  the court shall grant the debtor a discharge, unless...
       (4) the debtor knowingly and fraudulently, in or in connection with the case—
           (A) made a false oath or account;
           (B) presented or used a false claim;
           (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
           (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs...

149.  The Bookers' filings in this case contain numerous inconsistencies with information known to Mills and asserted in the State Court Case, which, taken together, create a presumption that the Bookers have made false oaths, presented false claims, and/or have withheld information that they are required to disclose.

150.  These inconsistencies include, without limitation, the failure to disclose their ownership of KBN (Schedule A/B, Q19, Q44), the failure to disclose their ownership in any of the intellectual property of KBN (Schedule A/B, Q26, Q27), underreporting of income derived from KBN (Statement of Financial Affairs, Q4), and ongoing income from KBN as posted on Facebook (https://www.facebook.com/share/v/CenzdFiubHRQSDoy/?mibextid=tUvUA8).

151.  Based on the totality of the circumstances and the numerous inconsistencies shown, it appears that the Bookers have made false oaths and/or accounts with the Court regarding their property and financial affairs.

152.  By virtue of the foregoing, the Bookers' discharge should be denied under 11 U.S.C. § 727(a)(4).

COUNTERCLAIM VIII:  CLAIM TO DENY DISCHARGE PURSUANT TO 11 USC 727(a)(4)

153.  Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

154.  11 U.S.C. § 727(a)(5) provides, in relevant part, that:

(a) the court shall grant the debtor a discharge, unless . . .

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiencies of assets to meet the debtor's liabilities . . .

155.  The Bookers have failed to explain satisfactorily any loss of assets or deficiencies of assets to meet their liabilities.

156.  By virtue of the foregoing, the Bookers' discharge should be denied under 11 U.S.C. § 727(a)(5).

COUNT IX - ATTORNEY'S FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11

157.  Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

158.  The Bookers have acted in bad faith and have been and continue to be stubbornly litigious, knowingly forcing Mills to incur expenses, including attorneys' fees associated with this lawsuit.

159.  The Bookers have been stubbornly litigious and have acted in bad faith so as to entitle Mills to further recover from the Bookers all of Mills's reasonable attorneys' fees and costs incurred in this action pursuant to O.C.G.A. § 13-6-11. For this reason, Mills is entitled to payment from the Bookers of all expenses incurred in this litigation, including but not limited to attorneys' fees, in an amount which will be proven at the trial.

COUNT X - PUNITIVE DAMAGES PURSUANT TO O.C.G.A. § 51-12-5.1

160. Mills realleges and reincorporates the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

161. The Bookers' fraud upon Mills constituted willful conduct, malice, fraud, wantonness, oppress, or that entire want of care which would raise the presumption of conscious indifference to consequences.

162. Mills requests that the Court award punitive damages against the Bookers and in favor of Mills in an amount to be determined at trial, pursuant to the provisions of O.C.G.A. § 51-12-5.1

WHEREFORE, Mills respectfully requests that the Court enter an order and judgment:

A. excepting the debt owed to Mills from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) in an amount to be determined at trial;
B. excepting the debt owed to Mills from discharge pursuant to 11 U.S.C. § 523(a)(4) in an amount to be determined at trial;
C. excepting the debt owed to Mills from discharge pursuant to 11 U.S.C. § 523(a)(6) in an amount to be determined at trial;
D. denying the Bookers a discharge under 11 U.S.C. § 727(a)(2);
E. denying the Bookers a discharge under 11 U.S.C. § 727(a)(3);
F. denying the Bookers a discharge under 11 U.S.C. § 727(a)(4);
G. denying the Bookers a discharge under 11 U.S.C. § 727(a)(5);
H. awarding Mills all costs and reasonable attorneys' fees incurred by Mills in this adversary proceeding;
I. awarding Mills punitive damages against Debtors in an amount to be determined at trial; and
J. granting Mills such other and further relief as this Court may deem just and proper.

This 12th day of May 2024.

Respectfully submitted:

/s/ Ian M. Falcone                                    THE FALCONE LAW FIRM, P.C.
Ian M. Falcone                                         363 Lawrence Street
Georgia Bar No. 254470                          Marietta, GA  30060
Attorney for Defendant, DAVID LEROY MILLS, JR.     (770) 426-9359
                                                                imf@falconefirm.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| PAMELA J. BOOKER and | : | CASE NO. 24-52404-PWB |
| ORONDE BOOKER | : | |
|      Debtor(s). | : | |
| _____ | : | |
| PAMELA J. BOOKER and | : | |
| ORONDE BOOKER | : | ADVERSARY PROCEEDING |
|      Plaintiff(s) | : | CASE NO. 24-05077-PWB |
| v. | : | |
| | : | |
| DAVID LEROY MILLS, JR., | : | |
|      Defendant. | : | |
| _____ | : | |

<u>CERTIFICATE OF SERVICE</u>

     This is to certify that I have on this day electronically filed the foregoing "**Answer, Defenses and Counterclaims**," using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Filing program.

     I further certify that on this day I caused a copy of this document to be served via United States First Class Mail on the following parties at the address shown below:

Pamela J Booker                            Oronde Booker
4203 Cheryl Ann Court                   4203 Cheryl Ann Court
Stone Mountain, GA 30083             Stone Mountain, GA 30083

This 12th day of May, 2024.

_/s/ Ian M. Falcone_                        THE FALCONE LAW FIRM, P.C.
Ian M. Falcone                          363 Lawrence Street
Georgia Bar No. 254470               Marietta, GA  30060
Attorney for Defendant, DAVID LEROY MILLS, JR.    (770) 426-9359
                                    imf@falconefirm.com

FILED 3/20/2024 10:30 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID MILLS, | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. 21CV1732 |
| | ) | |
| PAMELA BOOKER; ORONDE | ) | |
| BOOKER; and KOILS BY NATURE, | ) | |
| LLC; | ) | |
| Defendants. | ) | |

### ORDER

This matter came before the Court upon referral by the Special Master for a hearing to determine whether Defendants should be held in contempt for their repeated failures to comply with the Special Master's April 27, 2023 Order (the "Order") requiring production of certain documents and information regarding their finances. After careful consideration, and as further detailed herein, the Court finds Defendants to be in **WILLFUL CONTEMPT** and hereby sanctions them accordingly.

### ANALYSIS AND FACTUAL FINDINGS

I.    <u>Defendants' Bankruptcy Proceedings.</u>

The Court acknowledges that each of the Defendants have filed bankruptcy as of the date of this order and, accordingly, the underlying proceedings of this case are automatically stayed pursuant to 11 U.S.C. § 362.[1] Proceedings for *criminal* contempt, however, as contemplated here, are exempted from the automatic bankruptcy stay. 11 U.S.C. § 362(b)(1); <u>see also</u> <u>In re Bible</u>, 110 B.R. 1002, 1005 (Bankr. S.D. Ga. 1990) (discussing the application of the automatic bankruptcy stay on civil versus criminal

---

[1] Defendant Koils by Nature, LLC filed bankruptcy in the Northern District of Georgia on or about February 21, 2024.  Defendants Pamela and Oronde Booker filed bankruptcy on or about March 5, 2024.

<div align="center" style="color:red">EXHIBIT A</div>

contempt proceedings); <u>Ward v. Ward</u>, 261 Ga. 659, 659 (1991) ("[T]he unavailability of civil contempt to collect the debt would not preclude a finding of criminal contempt for willful refusal to obey a court order."); <u>Dep't of Hum. Res. v. Chambers</u>, 211 Ga. App. 763, 766 (1994), disapproved of on other grounds by <u>Jones v. Peach Trader Inc.</u>, 302 Ga. 504 (2017) ("[E]ven the bankruptcy stay provisions do not prohibit pursuing criminal sanctions against a debtor such as … criminal contempt for failure to obey a court order."). As such, the Court can, and will, only consider Defendants' past actions in determining whether there has been willful contempt and, if so, the appropriate unconditional sanction to be applied.

## II.    Defendants' Contempt.

"Acts of contempt are neither civil nor criminal." <u>Grantham v. Universal Tax Sys., Inc.</u>, 217 Ga. App. 676, 677 (1995). "Once an act is considered to constitute contempt of court, the action the court takes to remedy it determines whether the contempt is deemed criminal or civil." <u>Id.</u> "The distinction between the two is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." <u>Shooter Alley, Inc. v. City of Doraville</u>, 341 Ga. App. 626, 627 (2017). Like any criminal proceeding, criminal contempt must be proven beyond a reasonable doubt. <u>See Salter v. Greene</u>, 226 Ga. App. 384, 385 (1997). Upon a careful review of the evidence, and after providing Defendants with an opportunity to be heard during two hearings held on February 22, 2024 and March 18, 2024, respectively, the Court so finds beyond a reasonable doubt that Defendants have acted in willful contempt.

On February 28, 2023, the Court appointed a Special Master for this case pursuant to Uniform Superior Court Rule 46. Pursuant thereto, the Special Master issued his Order

on April 27, 2023 requiring the parties to produce for inspection a number of financial documents and other information necessary for him to perform his duties. Despite repeated admonishments by the Special Master and this Court, however, Defendants have failed to do so. While they produced some documents—usually at odd and unannounced intervals—most were never produced at all and/or were produced in incomplete form and almost always without explanation. Specifically, for purposes of this contempt proceeding, the Court finds that Defendants willfully failed to timely produce the following in accordance with the Special Master's Order:

- Monthly reports containing information or documents detailing any and all payments or distributions made to Pamela or Oronde Booker from May 2023 through February 2024;
- Monthly reports containing information or documents detailing any and all payments made on behalf of Pamela or Oronde Booker to any third parties from May 2023 through February 2024;
- Complete statements from all financial institutions for Pamela Booker for years 2021, 2022, and 2023;
- Verified financial statements for all Defendants, detailing assets and liabilities as of April 30, 2023 and copies of all related documents including any appraisals, deeds, mortgages, and/or loan documents; and
- Statements and correspondence with credit card companies for all Defendants from 2019 to April , 2023.[2]

While the above is not exhaustive of Defendants' contemptuous acts, such are all that shall be considered by the Court for purposes of this order. The Court further finds that each item listed—including each incomplete, untimely, and/or otherwise deficient monthly report—constitutes a separate action for a total of twenty-five (25) independent acts of willful contempt. As unconditional sanction for such contemptuous conduct, the Court hereby **FINES** Defendants $400 for each such act, for a total amount of $10,000,

---

[2] Apart from an initial retainer, which was late, Defendants also failed to pay the Special Master's fees and are currently in arrears in the amount of $6,807.86.

to be evenly split in payment to Plaintiff David Mills ($5,000) and the Special Master ($5,000). <u>See</u> O.C.G.A. § 15-6-8(5); <u>Reece v. Smith</u>, 292 Ga. App. 875, 876 (2008) ("[P]enalties are applicable to each separate act of contempt found by the trial court."). Said payment is to be made no later than Friday, April 19, 2024.

### CONCLUSION

The Court finds Defendants to be in **WILLFUL CONTEMPT**. Defendants are hereby **FINED** the total amount of $10,000 for the twenty-five (25) specific acts of contempt outlined herein. Defendants shall pay half of this fine ($5,000) to the Defendant, David Mills, and the other half ($5,000) to the Special Master no later than **Friday, April 19, 2024**.[3]

**SO ORDERED** this 18th day of March, 2024.

_____
BRIAN E. LAKE, JUDGE
STONE MOUNTAIN JUDICIAL CIRCUIT

---

[3] Should Defendants seek and obtain an order from the Bankruptcy Court staying or invalidating this order for any reason, Defendants shall provide this Court with a copy of said order immediately upon receipt thereof.