**IT IS ORDERED as set forth below:**



**Date: February 24, 2025**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| PAMELA J. BOOKER and ORDONDE BOOKER, | CASE NO. 24-52404-PWB |
| Debtors. | |
| | CHAPTER 7 |
| PAMELA J. BOOKER and ORDONDE BOOKER,   Plaintiffs, | |
| v. | ADVERSARY PROCEEDING NO. 24-5077-PWB |
| DAVID LEROY MILLS, JR.,   Defendant. | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## LEAVE OF COURT TO AMEND PLAINTIFFS' COMPLAINT

The Plaintiffs have moved to amend their complaint [Doc. 29] to add Michael Shane Welsh as a defendant. For the reasons set forth herein, the motion is granted.

Before filing a chapter 7 bankruptcy petition on March 5, 2024, the Debtors were defendants in a case in the Superior Court of Dekalb County, Georgia filed by David Leroy Mills, the defendant in this action. Michael Shane Welsh represents Mr. Mills in the Superior Court action. Although the Superior Court action remains open, it is currently stayed by the automatic stay.

In this adversary proceeding filed on April 15, 2024, the Debtors allege that Mr. Mills violated the automatic stay by continuing the Superior Court action after the bankruptcy filing.[1] The Plaintiffs now seek leave of the Court to amend their complaint to add Mr. Welsh as a defendant, asserting that he was aware of the bankruptcy filing and violated the stay by proceeding with the Superior Court action.

Federal Rule of Civil Procedure 15(a)(2), *applicable under* Federal Rule of Bankruptcy Procedure 7015, permits a party to amend a pleading with leave of the court. The rule states that leave should be "freely given when justice so requires." The U.S. Supreme Court has emphasized that leave should be granted unless a reason for

---

[1] Mr. Mills has answered and filed counterclaims seeking determinations that his debt is excepted from discharge and that the Debtors' discharges should be denied. [Doc. 12].

2

denying leave exists, such as undue delay, prejudice, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178 (1962).

Mr. Welsh opposes amendment of the complaint on the grounds that it is in bad faith and that, because no factual basis supports adding him as a defendant, the amendment is futile.

The basis for the bad faith claim is that the Debtors only sought to add Mr. Welsh as a party after discovery revealed no basis for a claim against Mr. Mills. [Doc. 43 at 5]. Regardless of whether the Debtors have a viable claim against Mr. Mills, and regardless of whether that motivated the amendment, the amendment of a complaint to add an additional party alleged to be liable does not amount to bad faith.

An amendment is futile if it would fail to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *applicable under* Federal Rule of Bankruptcy Procedure 7012. To survive such a motion, the amended complaint must contain sufficient factual allegations, accepted as true, to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp.*, 550 U.S. at 556.

The proposed amended complaint alleges that Mr. Welsh was provided with notice of the Debtors' Bankruptcy Case immediately after it was filed. It further claims that, with knowledge of the bankruptcy, he appeared in the Superior Court action, argued for its continuation, and communicated with the Superior Court about pursuing

3

damages. Mr. Welsh did not file a motion for relief from the automatic stay before taking these actions. [Doc. 29, Ex. A at ¶¶ 58-60]. These allegations state facts that establish a plausible claim for violation of the automatic stay.

Mr. Welsh contends, however, that these facts must be viewed within a larger context. In particular, he argues that his actions in the Superior Court were in response to orders and directions from the Superior Court judge. The context of the Superior Court litigation, the directions of the judge, and Mr. Welsh's actions in that context appear to be appropriate matters for consideration in determining whether a stay violation occurred and, if so, the nature and extent of any damages.

But such matters would not appropriately be considered in the determination of a Rule 12(b)(6) motion to dismiss. At this stage of this proceeding, the Court concludes that the allegations in the proposed amendment, if taken as true, would survive a motion to dismiss under Rule 12(b)(6).

The Rule 12(b)(6) threshold is a low one, and factual allegations must be accepted as true, even if disputed. Mr. Welsh will have an opportunity to respond and defend against the allegations. The remedy for factual allegations that lack evidentiary support is Rule 9011(b)(3) and (c) of the Federal Rules of Bankruptcy Procedure, not dismissal under Rule 12(b)(6).

Because the proposed amendment would survive a motion to dismiss, it is not futile.

Mr. Welsh has not shown any reason for denying leave to amend the complaint to add him as a party. The Court will, therefore, grant the Debtors' motion.

4

Based on the foregoing, it is

ORDERED that the Plaintiffs' motion for Leave to Amend the Complaint is granted; it is further

ORDERED that the Plaintiffs shall file and serve an amended complaint within 30 days from the date of entry of this Order.

**END OF ORDER**

Distribution List

Benjamin R Keck
Keck Legal, LLC
Druid Chase - Suite 115
2801 Buford Highway NE
Atlanta, GA 30329

William Brent Ney
Ney Rhein Williams, LLC
265 South Culver Street
Lawrenceville, GA 30046

Michael Shane Welsh
Welsh Law, LLC
275 14th Street, NW, Suite 200
Atlanta, GA 30318

Michael Shane Welsh
Welsh Law, LLC
6075 Barfield Road
Atlanta, GA 3032