**IT IS ORDERED as set forth below:**



**Date: March 6, 2026**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| PAMELA J. BOOKER and ORONDE BOOKER, | CASE NO. 24-52404-PWB |
| Debtors. | CHAPTER 7 |
| PAMELA J. BOOKER and ORONDE BOOKER, | |
| Plaintiffs | |
| v. | ADVERSARY PROCEEDING NO. 24-5077-PWB |
| DAVID LEROY MILLS, JR. and MICHAEL SHANE WELSH, | |

Defendants.

# ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Pamela J. Booker and Oronde Booker, the Plaintiffs, contend that David Leroy Mills and his attorney, Michael Shane Welsh, the Defendants, willfully violated the automatic stay when they continued to actively participate in state court litigation against them despite knowing of the existence of their bankruptcy case and the resulting automatic stay. The Defendants seek summary judgment dismissing the claim on the grounds that (1) while they attended and participated in a state court hearing after the bankruptcy filing it was scheduled at the behest of the court and they did not willfully violate the automatic stay; and (2) the state court matter was a criminal contempt proceeding that is excepted from the automatic stay. [Doc. 61, 64].

Having carefully reviewed and considered the parties' positions, the Court concludes that (1) disputed factual issues exist as to the Defendants' conduct at the state court hearing; and (2) the Defendants have not carried their burden to establish as a matter of law that the criminal exception to the automatic stay is applicable here. As a result, the Court denies the Defendants' motions for summary judgment.

I.  Factual Background

The following facts are undisputed.

Pamela Booker created a company, Koils By Nature, LLC ("Koils"), that made and sold beauty products and accessories through online vendors. Defendant Mills was

2

an investor in Koils. Mrs. Booker holds a majority membership interest in Koils, while Mr. Booker and Defendant Mills hold minority membership interests in Koils.

On February 5, 2021, Defendant Mills initiated a lawsuit by filing a complaint asserting claims for accounting records, breach of fiduciary duty, breach of contract, and fraud against Koils and the Debtors in the Superior Court of Dekalb County (the "State Court"), that being *David Leroy Mills v. Pamela J. Booker, Oronde Booker, and Koils by Nature, LLC*, Civil Action No. 21CV1732.

The State Court entered an order granting Defendant Mills' motion for default judgment as to liability only on July 7, 2022 and providing for a six-month discovery period on the question of damages. The State Court ultimately appointed a receiver and then a special master. The reason for appointment of a special master is unclear, but ultimately is immaterial to consideration of this motion.

The State Court scheduled a show cause hearing for February 22, 2024 to consider the Debtors' and Koils' compliance with a special master's order that required them to produce monthly written reports regarding their financial information and other documents.

Koils filed a voluntary petition for relief under chapter 7, that being 24-51861-PWB, on February 21, 2024, the day before the hearing. When inquiry was made about whether the hearing would go forward in light of Koils' bankruptcy filing, the State Corut's Civil Calendar Clerk relayed by email to the parties the Judge's message, "The Court will proceed with the hearing today."

The State Court then continued the hearing to March 18, 2024.

3

The Bookers filed a Chapter 7 bankruptcy petition on March 5, 2024, thirteen days before the rescheduled hearing.

On the same day of the rescheduled hearing, the Debtors' State Court counsel emailed the State Court and counsel seeking clarification as to whether the March 18 hearing would go forward in light of the Debtors' and Koils' bankruptcy filings. Again, the Civil Court Calendar Clerk replied, "It is still scheduled to go forward today."

Notwithstanding the Debtors' and Koils' bankruptcy filing, the State Court went forward with its March 18, 2024 hearing. The hearing was not recorded by a court reporter so no record exists as to what actually was said by the State Court or any party at the hearing.

Following the hearing, the State Court entered an Order on March 20, 2024 in which it held the Debtors to be in "willful contempt" of the special master's April 27, 2023 Order requiring the Debtors to produce for inspection certain financial documents and other information covering a number of years. The State Court characterized its ruling as one of "criminal contempt" that is excepted from the protections of the automatic stay. [Doc. 61, Exh. C]. Noting that the Debtors produced some items, the Court concluded that the Debtors either failed to produce or incompletely produced most items.

The State Court found 25 independent acts of "willful contempt" and sanctioned the Debtors $400 per act for a total of $10,000.[ *Id*.]. The Court ordered that the sanctions be payable in the amount of $5,000 to Defendant Mills and $5,000 to the special master. [*Id*.].

4

On April 18, 2024, following a hearing on the Debtors' request for a preliminary injunction, this Court entered an Order providing, "The continuation, in any form, of the civil proceeding action styled Davi[d] Mills v. Pamela J. Booker, Oronde Booker, and Koils by Nature, LLC, Civil Action No. 21CV1732 pending in the Superior Court of Dekalb County, State of Georgia is hereby prohibited pending the resolution of the Plaintiffs' adversary case; and the requirement by the State Court that the [Debtors] pay $10,000.00 by April 19, 2024 is stayed pending the resolution of the Debtors'' adversary case." [Doc. 9 at 2].

## II. The Legal Issues

To establish a willful violation of the automatic stay for purposes of § 362(k), a debtor must show: (1) the commencement of a bankruptcy case that triggers the automatic stay; (2) that the debtor is an individual; (3) that the creditor had notice of the bankruptcy filing; (4) that the creditor's actions were willful; and (5) that the debtor sustained damages.

It is undisputed that the Debtors filed bankruptcy; they are individuals; and the Defendants had notice of the bankruptcy filing. The issues here are whether the defendants acted willfully and whether the automatic stay applied.[1]

---

[1] The Defendants contend that the Debtors have suffered no damages since they did not pay the sanctions required by the Court. The Debtors counter that they have incurred substantial attorney fees regarding the contempt issues in State Court and pursuing this proceeding in the Bankruptcy Court. Whether and how much damage the Debtors may have suffered is secondary to the issue of the Defendants' willfulness and is a matter of fact yet to be determined.

5

The Defendants contend that as a matter of fact and law they did not violate the automatic stay by attending or participating in the State Court litigation since any hearing was scheduled and attendance was made at the direction of the State Court judge. Alternatively, the Defendants contend that their actions fall within the exception to the automatic stay in 11 U.S.C. § 362(b)(1) because the State Court specifically designated the resulting sanctions as arising from "criminal contempt" by the Debtors.

The Debtors counter that issues of material fact exist that preclude summary judgment on both grounds. The Debtors contend that the Defendants willfully and intentionally advocated at the March 18 hearing and were not mere passive participants. Second, the Debtors contend that, despite the State Court's label, the sanctions imposed by the State Court are civil in nature and, therefore, no exception to the automatic stay exists.

The Court has considered the record presented by the parties and concludes that the Defendants have not established that they are entitled to summary judgment and dismissal of the Debtors' claims. The Court discusses each argument below.

A, <u>Disputed material facts exist regarding whether the Defendants willfully and intentionally advocated sanctions at the March 18 hearing.</u>

It is undisputed that the Debtors filed bankruptcy and the automatic stay arose on March 5, 2024, the State Court conducted a hearing on March 18, 2024, and the State Court sanctioned the Debtors $10,000, payable to the Defendant Mills and the special master on March 20, 2024.

But the parties dispute the level of participation by the Defendants at the March 18 hearing and what role they played in the imposition of postpetition sanctions against the Debtors.

Defendant Welsh, who serves as Defendant Mills' attorney in the State Court case, asserts that, to the extent he "spoke at the March 18, 2024 hearing, he did so in response to questions from Judge Lake and did not offer bankruptcy opinions. [Defendant] Mills played no role at either hearing." [Doc. 63, Statement of Material Facts, ¶ 8]; Doc. 61, ¶ 9-19; Affidavit of Michael Welsh].

But the Debtors' State Court attorney has a different recollection of the March 18 hearing. The Debtors contend, supported by the affidavit of their attorney Robert Quinn, that Defendant Welsh provided commentary in addition to responding to questions from the State Court judge. Instead, the Debtors contend, Defendant Welsh advocated that the Debtors should be held in contempt and that his client, Defendant Mills, should be awarded monetary damages because his client wished "to be made whole." [Doc. 67 at 3-4, ¶ 8-9; Doc. 67, Exh. A, ¶ 14, Affidavit of Robert Quinn]. In addition, Mr. Quinn avers that Defendant Welsh provided the State Court judge with case law during the hearing that he believed would support a finding of criminal contempt. Doc. 67, Exh. A, ¶ 15, Affidavit of Robert Quinn].

The main problem for this Court is that no transcript of the March 18 hearing in the State Court exists. The Court is left with only two things to consider: (1) two significantly different recollections by counsel for the Defendant and counsel for the Debtors; and (2) the State Court's Order imposing sanctions.

7

The State Court ultimately decided to go forward with the March 18 hearing. But because the State Court's order does not address the degree of the Defendants' advocacy or participation, the record before this court has only the competing memories of the participants that cannot be reconciled. These disputes of fact are material to the question of whether the Defendants engaged in willful conduct that violated the automatic stay. As a result, the Court must deny summary judgment on this issue.

B. <u>The Defendants have not carried their burden in showing that as a matter of law the sanctions imposed were in the nature of criminal contempt.</u>

The Defendants contend that as a matter of law the sanctions imposed against the Debtors by the State Court were in the nature of criminal contempt as evidenced by the State Court's Order labeling them as such. If the sanctions are based upon the Debtors' criminal contempt, the Defendants argue, the State Court proceeding was excepted from the automatic stay pursuant to § 362(b)(1), and the Defendants did not violate the automatic stay as a matter of law.

The Court cannot conclude as a matter of law that the State Court sanctions were in the nature of criminal contempt, notwithstanding the State Court's characterization.

Whether a contempt proceeding is civil or criminal is determined by the purpose of the proposed sanctions. *In re Tate*, 521 B.R. 427, 440 (Bankr. S.D. Ga. 2014). Civil contempt sanctions are designed to "(1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the court order." *Jove Eng'g, Inc. v. I.R.S.* (*In re Jove Eng'g, Inc.*), 92 F.3d 1539, 1557 (11th Cir. 1996). Sanctions for criminal contempt are

8

"punitive in nature and are imposed to vindicate the authority of the court." *Local 28, Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986).

The label given by the trial court as either civil or criminal contempt is not determinative. *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391 (6th Cir.1991). The court must "look to the purpose and character of the sanctions imposed, rather than to the label given to the proceeding by the court below." *Id*. at 1401 (citations omitted).

Whether contempt is civil or criminal turns on the "character and purpose" of the sanction involved. *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827–28 (1994); *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911).

Although not exclusive considerations, whether a sanction for contempt is coercive (civil) and not punitive (criminal) may turn on "(1) whether the award directly serves the complainant rather than the public interest, and (2) whether the contemnor may control the extent of the award." *Jove,* 92 F.3d at 1559. But a sanction is punitive (criminal) if it is defined by the court and may not be purged through any action of the contemnor. *Id*.

Here the record is inconclusive as to whether the sanctions imposed by the State Court were in the nature of civil or criminal contempt.

The State Court expressly characterized its sanctions for violation of the special master's order as arising from the Debtors' "criminal contempt." But the

9

award of the sanctions was made to the Defendant Mills and the special master. Such an award indicates an intent to serve the "complainant," i.e., the special master and secondarily the Defendant Mills, a consideration that tends to show the sanctions were not in the nature of a criminal contempt. The Court notes, however, that the State Court's Order does not permit the Debtors to purge themselves from the contempt, which would suggest that the sanctions were punitive in nature.

But this Court is troubled by what could appear to be an effort by the State Court to find an exception to the automatic stay that would permit the sanctioning of the Debtors.

Because no transcript of the March 18 hearing exists for some reason, the Court lacks the benefit of knowing what the State Court and each party stated on the record. But according to Defendant Welsh's affidavit, "It appeared to [him] that Judge Lake thought he had authority to pursue criminal contempt against the individual [Debtors] in the Superior Court action, and he informed us he was going to confer with [the special master] regarding his options." [Doc. 61 at 7, Affidavit of Michael Welsh, ¶ 14].

Conferring with the special master – the complainant – as to whether the Court had authority to impose the sanctions for the benefit of the complainant seems unusual. The easiest course for the State Court would have been to stay everything and allow the bankruptcy case to proceed, including consideration as to whether the automatic stay should be lifted to permit the State Court to proceed. That did not

10

happen.  And as noted earlier, without a transcript, the Court cannot know definitively what happened at the March 18 hearing.

Given all of these circumstances, the Court concludes that material issues of fact exist as whether the sanctions were in the nature of criminal contempt and the Court cannot, as a matter of law, determine that the § 362(b)(1) exception is applicable.

### III.  Conclusion

Based on the foregoing, the Court concludes that the Defendants have failed to establish as a matter of fact or law that they are entitled to summary judgment. Accordingly, it is

ORDERED that the Defendants' motions for summary judgment are denied.

**END OF ORDER**

Distribution List

Benjamin R Keck
Keck Legal, LLC
Druid Chase - Suite 115
2801 Buford Highway NE
Atlanta, GA 30329

William Brent Ney
Ney Rhein Williams, LLC
265 South Culver Street
Lawrenceville, GA 30046

Michael Shane Welsh
Welsh Law, LLC
275 14th Street, NW, Suite 200
Atlanta, GA 30318

Michael Shane Welsh
Welsh Law, LLC
6075 Barfield Road
Atlanta, GA 3032